UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-CV-80988-DIMITROULEAS/MCCABE

LISA SIMONE ROOFE,

    Plaintiff,

v.

ROCKET MORTGAGE,
and MERSCORP,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon Defendants' Motion to Quash Service of Process, Set Aside Clerk's Default, Dismiss Action, and for Attorney Fees and Cost ("Motion") (DE 21), which was referred to the undersigned by United States District Judge William P. Dimitrouleas (DE 22).  After careful consideration of the record, the parties' briefs, and the relevant caselaw, the undersigned **RECOMMENDS** that the Motion be **GRANTED IN PART AND DENIED IN PART.**

I.    **BACKGROUND**

This case stems from an underlying state foreclosure action currently being litigated between Plaintiff and Defendants (hereafter the "State Case").  On July 7, 2022, Plaintiff filed a pro se Complaint in this Court, alleging several causes of action, all stemming from Defendants' conduct in the State Case, including breach of mortgage contract, fraud, and cloud on the title (DE 1 at 4, 6).  On October 12, 2022, Plaintiff filed a return of service, purporting to show that service had been effected on Defendants by certified mail (DE 15).  Plaintiff thereafter moved for entry of

default judgment (DE 16). On October 14, 2022, the Clerk entered a Default (DE 17), after which the District Court ordered Defendants to show cause why Default Judgment should not be entered against them (DE 18).

This Motion followed on November 4, 2022, presenting three issues for review:

1. Whether service of process (DE 15) should be quashed and the Clerk's Default (DE 17) set aside;

2. Whether the Complaint should be dismissed for failure to effect service within the time limits allowed by Federal Rule of Civil Procedure 4(m); and

3. Whether the Court should award attorneys' fees and costs to Defendants in connection with this Motion.

The Court addresses each issue below.

## II. DISCUSSION

### A. Service of Process & Clerk's Default

Federal Rule of Civil Procedure 4(h) allows corporations to be served in multiple ways. Service can be effected, for example, "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The term "delivery" refers to personal delivery, such as delivery by a process server, not to delivery by mail. *See Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009).

Service can also be effected "by following state law for serving a summons" in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Under Florida law, process may be served on corporations by serving an enumerated hierarchy of corporate officials or employees or by serving the corporation's registered agent. § 48.081, Fla. Stat. Every Florida corporation (or foreign corporation qualified to transact business in Florida) must designate a registered agent who can accept service of process. § 48.091, Fla. Stat. If a corporation fails to comply with section

48.091, then service of process may be effected on any employee of the corporation at its principal place of business, or any employee of the registered agent.  § 48.081(3)(a), Fla. Stat.

In this case, Plaintiff attempted service by mailing a copy of the summons and Complaint to Defendants by certified mail (DE 15).  The Court finds this insufficient.  *See Dyer*, 318 F. App'x at 844 ("Florida Courts have held that service by certified mail, without an accompanying waiver, is not sufficient.").  Furthermore, "service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  Thus, a default is void when the court that rendered it lacks jurisdiction.  *See Hamilton v. Shepard*, No. 20-cv-81137-Dimitrouleas/Matthewman, 2021 WL 3059647, at *3 (S.D. Fla. June 30, 2021) (cleaned up), *R. & R. adopted,* WL 2021 3054587 (S.D. Fla. July 20, 2021).  For all of these reasons, the Court recommends that the Motion be granted to the extent it seeks to quash service of process (DE 15) and set aside the Clerk's Default (DE 17).

  **B.**  **Dismissal for Failure of Timely Service**

Defendants next urge the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 4(m), which requires courts to either (a) order a dismissal without prejudice, or (b) order that service be effected within a specified time, if the plaintiff fails to effect service within ninety (90) days of filing the complaint.  Here, as explained in section II.A., Plaintiff has not yet properly served Defendants.  Because Plaintiff is proceeding pro se, the Court recommends that she be given additional time to do so.  The Court therefore recommends that the Motion be denied to the extent it seeks dismissal, and that Plaintiff instead be afforded twenty-one (21) days from the date this Report and Recommendation becomes final, in order to effect proper service of process on Defendants.

### C. Attorney's Fees and Costs

Defendants next seek an award of attorneys' fees and costs in connection with filing this Motion. In support, Defendants point to the underlying Note and Mortgage Agreement between the parties (DE 21 at 7; DE 21-3 ¶ 6(E); DE 21-4 at 11, 14). The Note provides:

> **6.   BORROWER'S FAILURE TO PAY AS REQUIRED**
>
> **(E)   Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

(DE 21-3 ¶ 6(E)). The Mortgage Agreement provides:

> **13.   Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to attorneys' fees….
>
> …
>
> **24.   Attorneys' fees.** As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.

(DE 21-4 ¶¶ 13, 24).

The Court finds that neither of these documents apply to this Motion or support an award of attorneys' fees and costs. Likewise, to the extent Defendants ask this Court to make an award of attorneys' fees and costs based upon its inherent authority, the Court declines to do so. However, the Court reminds Plaintiff of her obligation to confer with opposing counsel on all matters subject to the Court's July 11, 2022 Order (DE 7) and Local Rule 7.1.

### III.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion be **GRANTED IN PART AND DENIED IN PART**, as follows:

1. The Motion should be **GRANTED** to the extent it seeks to **QUASH** service of process (DE 15) and **SET ASIDE** the Clerk's Default (DE 17).

2. The Motion should be **DENIED** to the extent it seeks dismissal of the Complaint. Instead, Plaintiff should be afforded twenty-one (21) days from the date this Report and Recommendation becomes final to effect proper service of process on Defendants.

3. The Motion should be **DENIED** to the extent it seeks an award of attorneys' fees and costs.

The Clerk is **Directed** to mail a copy of this Order to Plaintiff, Lisa Simone Roofe.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of December 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE